### WILLIAM SESSIONS v. DAVID MESERVE.

An action for money had and received will not lie to recover back money paid upon a promissory note, upon the ground that the consideration had partially failed, where the plaintiff, when he paid the note, was fully aware of the facts upon which such claim of failure was founded, but the payment must be regarded as voluntary.

It would be the same where it was agreed when the note was given that a deduction should be made to conform to the appraisal of a third person of some grain for which the note was given, and on making such appraisal the plaintiff claimed the deduction, which the defendant refused, and thereupon the plaintiff paid the whole.

ASSUMPSIT, for money had and received, brought before a justice, and by appeal to this court.

By agreement of parties the case is tried by the court, and the court find the facts to be, that the plaintiff was indebted to defendant for certain grass-seed purchased by plaintiff of defendant, and for other things ; that they disagreed about the value of the seed ; that they verbally agreed that plaintiff should give his note to defendant for the amount of the defendant's claim, including $10.80, the value of the seed as claimed by defendant, and that if one Wentworth should decide that the seed was worth less than that amount, the defendant would allow, as part payment of the note, the difference between $10.80, and the value of the seed as it should be determined by Wentworth ; that the plaintiff gave his note accordingly at the time of said agreement ; that Wentworth decided that the seed was worth $4.80 ; that plaintiff requested defendant to allow the amount in part payment of the note, but defendant refused so to do, and refused to allow anything, and denied that there was any agreement that he should do so, and demanded that plaintiff should pay the whole amount of the note, and threatened to sue him if he did not pay it ; that he paid the whole amount of the note.

Defendant objected to all evidence of the parol agreement and subsequent proceedings, as varying the terms of the note, and that the payment of the note by plaintiff, being voluntary, he cannot recover in this action.

The court found the conclusion of law upon the foregoing facts to be that the defendant did promise the plaintiff in manner and form as the plaintiff hath thereof declared against him, and assessed damages in the sum of $7.24, and defendant excepted, and moved to set aside said finding of the court.

*Benton & Ray,* for plaintiff.

*Heywood, Burns & Fletcher,* for defendant.

BELLOWS, J. The action is brought to recover back money paid by the plaintiff to the defendant upon the plaintiff's promissory note, upon the ground that there was a partial failure of consideration for the note, and that, by the agreement when it was given, the amount of such failure, on being ascertained, was to be deducted.

The money appears to have been paid by the plaintiff with a knowledge of all the circumstances showing such failure of consideration, and the defendant was requested by the plaintiff to make the deduction, but he refused to do it. The first question is, whether the money so paid could be recovered back, provided the agreement set up by the plaintiff is proved.

If it were proved, the payment nevertheless was voluntary, and without any mistake of fact, and cannot be recovered back. To this effect the authorities are uniform; among them are *Bean* v. *Jones,* 8 N. H. 149; *Evans* v. *Gale,* 17 N. H. 573; where it is said to be perfectly clear that where a man demands money of another as a matter of right, and he pays it with a full knowledge of the facts upon which the demand is founded, he never can recover back the sum he so voluntarily paid. By submitting to the demand, he that pays the money gives it to the person to whom he pays it, and makes it his, and closes the transaction between them.

The cases relied upon by the plaintiff stand upon a different footing and do not apply here. Those are cases where goods are sold and delivered upon an agreement to make application of the price upon some debt of the vendor, and afterwards the vendee refuses to make such application but enforces the full payment of the debt. In such case the vendor may treat the agreement as rescinded, and sue for the price of the goods, and so it would be in case money was so delivered instead of goods. *Fuller* v. *Little,* 7 N. H. 535; *Snow* v. *Prescott,* 12 N. H. 535. But the case before us is very different. Here the money was paid to discharge the note in question, the amount being claimed by the defendant as matter of right, and nothing has since taken place to entitle the plaintiff to treat the agreement so to apply the money as rescinded.

These views make it unnecessary to examine the other question, and the verdict must therefore be set aside, and there must be

*A new trial.*